[Civ. No. 5225. Fourth Dist. Jan. 25, 1956.]

JOSEPH GOTTA, Appellant, v. ANTHONY COLOMBERO. Respondent.

Wilson & Wilson for Appellant.

Waldo Willhoft for Respondent.

MUSSELL, J.—This is an action for dissolution of a partnership and for an accounting. Plaintiff alleged an oral agreement of partnership entered into with defendant on or about August 30, 1948; that the partnership engaged in farming and agricultural operations and acquired real and personal property; that a substantial portion of the firm assets are in the possession of defendant and that he refuses to account therefor; that no accounting has been had; that plaintiff desires that the partnership be dissolved and that

an accounting be had. Defendant in his answer and as a separate defense to the action alleged that the partnership was dissolved by mutual consent in November, 1951; that an accounting was thereafter had between plaintiff and defendant whereby it was determined and agreed that defendant owed plaintiff the sum of $7,500; that defendant tendered said sum to plaintiff and the tender was rejected; that defendant has deposited said sum in court. An accord and an account stated were also pleaded by the defendant.

The trial court found, among other findings, "That said partnership was dissolved by mutual consent about November 1, 1951. That thereafter an accounting was had between plaintiff and defendant wherein it was determined and agreed that there was due, owing and unpaid by defendant to plaintiff the sum of $7,500.00. That immediately thereafter, defendant tendered said sum to plaintiff, but plaintiff rejected said tender and repudiated said accounting; that defendant does now tender said sum to plaintiff in accordance with said agreement, and coincident with his appearance in this action has deposited said sum in court in performance of said account"; that plaintiff and defendant entered into an accord respecting their partnership affairs, and by said accord orally agreed that in full satisfaction of all obligations between them respecting the partnership, defendant should pay plaintiff the sum of $7,500; that defendant tendered said sum to plaintiff and that he refused to accept it; that defendant has fully performed all conditions of said agreement of accord on his part and offers and tenders to plaintiff the sum of $7,500 in accordance with said accord. Judgment was entered in accordance with these findings and plaintiff appeals.

The parties agree that the issues on this appeal are as to whether the court erred in finding (1) That the partnership had been dissolved before May, 1952; and (2) That thereafter an accounting was had which resulted in an agreement by which plaintiff agreed to accept $7,500 in full satisfaction of the partnership affairs.

After the partnership was formed in August of 1948, the parties obtained a lease on property in Chino and Cucamonga and this acreage was planted to tomatoes in the 1949 season. There was a substantial loss on this venture. In 1949 the parties conducted farming operations on acreage in Imperial Valley, owned by one Barney Galleano. They agreed through Galleano to purchase a one-half interest in the

property and the sale of this one-half interest by Galleano was consummated in 1950. Farming operations were then conducted thereon as a partnership venture of Gotta, Colombero and Galleano. The Gotta-Colombero partnership expended various sums for leveling and preparation of the land. One-half thereof was leased and the remainder planted to alfalfa during the 1950 season. Apparently no profit was made from this venture and defendant offered to buy plaintiff's interest in the property by reimbursement of plaintiff's investment, plus interest, plaintiff's share in the rental received and a refund from a soil conservation fund. Defendant agreed to purchase from the Gotta-Colombero partnership all equipment on the property and a truck owned by the partnership and plaintiff and his wife deeded their interest in the land to defendant and his wife. During the year 1950, the Gotta-Colombero partnership again farmed the Chino and Cucamonga property, planting it to beans, and the parties made a substantial profit from the crops grown thereon. At the conclusion of the harvesting of these crops, the parties conferred with reference to an adjustment of their partnership accounts. No settlement was arrived at at that time and there were no further farming or other partnership operations conducted by the parties. No regular books of account were kept by the partnership. A joint bank account was opened on which either partner could write checks and into which each partner from time to time made deposits as capital was needed.

The defendant testified that in May, 1952, he and Gotta had a conference about settling all their partnership affairs; that this conference lasted three days; that all the books and records were in the possession of Gotta; that "We was working out those figures at the last day there. It was . . . we had a difference that I owed Mr. Gotta about $6,000, and then seeing his books were so bad that I offered him $7,500 if . . . and he said that was all right. . . . We come to an agreement of $7,500"; that he and Gotta "shook hands on it that it was $7,500"; that three or four months later he offered to pay Gotta by check but Gotta refused to accept it; that Gotta wanted him to pay the money in cash or show it payable to his employer, a Mr. Greenburg, because he did not want his wife to get any of it; that he saw Gotta later and attempted to pay him but Gotta would not accept payment; that he was ready to pay Gotta at all times and that he deposited the money in court therefor.

Defendant's wife testified that she was present at the last day of the conference and heard her husband ask Gotta if he was "satisfied with $7,500" and Gotta said, "Yes, I am," and that they then shook hands.

Plaintiff's version of these conferences was that the defendant offered him sums in various amounts and on one occasion the sum of $16,000 for his claims against the partnership; that on one other occasion the defendant offered to settle the account and admitted his indebtedness to plaintiff at approximately $12,000; that at that time defendant offered to pay such indebtedness. Defendant denied that these offers were made.

It is clear that there was a sharp conflict in the evidence relating to the compromise and settlement of the partnership accounts. The trial court accepted the defendant's testimony and version of these conferences. The weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom were matters for the trial court. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835].) We cannot hold as a matter of law that the testimony of the defendant and his wife is inherently improbable as is contended by plaintiff, and since the findings of the trial court were supported by substantial evidence they cannot be here disturbed. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].) In *Zenos* v. *Harden*, 129 Cal.App. 545, 551 [19 P.2d 67], it is held that whether the dissolution was the result of a compromise, a give or take trade, or upon an accounting had, or partly on each, is a question of fact, at least in part, for the determination of the trial court. And in *Griffeth* v. *Fehsel*, 61 Cal.App. 2d 600, 605 [143 P.2d 522], it is said:

"Parties to any sort of a business arrangement are their own best judges of the accounts between themselves. They understand their own plans and purposes as well as their settlements, and after they have reached an understanding to dissolve and have agreed upon an accounting, courts must not undo such mutual, extrajudicial determinations. (*Branger* v. *Chevalier*, 9 Cal. 353, 363; 20 Cal.Jur. 819, 820.)"

Appellant states in his brief that one of the points raised on appeal is that the court erred in finding that the partnership had been dissolved before May, 1952. However, he does not stress this point in his brief and there is ample evidence to support the trial court's finding that the partnership was

680

dissolved by mutual consent of the parties on or about November 1, 1951.

The record shows that the parties employed an accountant to prepare a schedule of the partnership accounts and this schedule is the subject of considerable discussion in the briefs. By stipulation, most of the items were admitted to be correct but the testimony of the parties is quite conflicting as to other items. Plaintiff contended that he worked full time on the property while defendant worked only three days in the fields. Defendant contended that he worked full time for the partnership except while harvesting grapes on his own property. Plaintiff contended that it was agreed that he should receive wages of $7,000 for the two year period of the partnership and that was denied by the defendant. There was a further conflict in the evidence with respect to the payment of rent on the Cucamonga property. In view of our conclusion that the trial court's finding that an accounting was had between the parties which resulted in a compromise and settlement, it is unnecessary to here comment upon the conflicting evidence with respect to the disputed items in the schedule prepared by the accountant.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.